■ In the Matter of J. HOMER BUTLER, Appellant, v. HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Respondent.— Judgment in an article 78 proceeding entered May 19, 1964, unanimously affirmed, without costs and without disbursements. The record satisfies the court that the landlord knew, or should have known, that the premises were being used primarily for residential purposes, and that the Administrator's findings, although insufficiently articulated, purported to so find. Concur — Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ.

■ FRANK VALENTINO, an Infant, by His Guardian ad Litem, JAMES VALENTINO, et al., Respondents, v. ARTHUR A. JOHNSON CORP., et al., Appellants.— Judgment unanimously reversed, on the law and a new trial ordered, with $50 costs to appellants. The action is for personal injuries resulting from a fall on the sidewalk. The defendant is a contractor who was doing subway construction in the area in the course of which it is alleged that the sidewalk was put in an unsafe condition. The evidence presented issues for the jury and it is unnecessary to consider at this time whether the verdict is supported by the greater weight of that evidence. In the course of the trial plaintiff's attorney read portions of defendant's contract with the city to the jury. These portions had to do with defendant's liability to the city and set forth a standard of performance greater than the common-law duty of reasonable care. Putting this matter before the jury could only confuse them as to the standard of care required, and we have no doubt that plaintiff's experienced counsel introduced it for the sole purpose of gaining an advantage which he should have known was unfair. (See *Kohlmann* v. *City of New York*, 8 A D 2d 598.) Concur — McNally, J. P., Stevens, Eager, Steuer and Witmer, JJ.

■ MANUFACTURERS HANOVER TRUST COMPANY, Appellant, v. PETER NASCARELLA, Respondent.— Judgment unanimously reversed on the law and on the facts, without costs, and a new trial ordered as a matter of discretion. The case was submitted to Trial Term on an agreed statement of facts. Plaintiff, the assignee of a note and a conditional sales contract for an automobile, repossessed the car after defendant had defaulted in payments. Defendant made a tender of the installments in default plus the expenses of retaking. The tender was refused. The tender was made more than 10 days after the retaking. Trial Term found that the tender was proper. Had it been made within the statutory period of 10 days this finding would have been correct (Personal Property Law, § 78; *Clark* v. *Tri-State Discount Co.*, 151 Misc. 679). If the tender was not made pursuant to the statute, plaintiff, having accelerated the payments due to the default, could refuse it. Trial Term found that the parties did not rely on the 10-day time limitation. The difficulty with this finding is that nothing in the agreed statement gives it support. The stipulated facts do not cover this factor at all and the question of what the parties relied on cannot be answered from any fact or inference from any fact in the agreed statement. In addition, we are also of the opinion that there is a question as to whether the defendant, having transferred his interest in the vehicle to a third party, was entitled to redeem, and that the stipulated facts are not dispositive of all the issues pertinent to such question. In the interest of justice we remand the case for a new trial either by stipulating further facts or, if this is not done, by taking testimony. Concur — McNally, J. P., Stevens, Eager, Steuer and Witmer, JJ.